539 S.E.2d 390

**In the Matter of John G. O'DAY, Respondent.**

**No. 25204.**

Supreme Court of South Carolina.

Submitted Sept. 25, 2000.

Decided Oct. 23, 2000.

Henry B. Richardson, Jr. and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

John G. O'Day, pro se, of West Columbia.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement and impose a public reprimand. The facts as admitted in the agreement are as follows.

## Facts

### I. The Torrence Matter

Thomas J. Torrence filed an Application for Post Conviction Relief (PCR) following his conviction for murder. Respondent was appointed to represent Torrence on or about January 5, 1996. Respondent received Torrence's file on or about May 13, 1996. Except for letters, respondent failed to meet or communicate with Torrence until April 30, 1997. In his PCR, Torrence alleged a necessary witness to be interviewed was his brother, who was on death row. Respondent failed to interview Torrence's brother, or take his deposition or statement, prior to his execution in September of 1996.

In a letter dated December 16, 1996, to the Board of Commissioners on Grievances and Discipline, respondent admitted he had not met with Torrence as of that date. In a subsequent letter, he denied knowing Torrence's brother could provide relevant information. However, reference to the testimony and its relevance was raised in a pre-trial brief appended to the original PCR.

### II. The Chastain Matter

Respondent was retained to represent Glenn Chastain on charges of malicious injury to personal property and assault and battery of a high and aggravated nature (ABHAN). The ABHAN charge was later indicted as assault and battery with intent to kill. Chastain failed to attend roll calls and had a Bench Warrant issued for his arrest. Chastain was held in jail from February 22, 1999, until March 10, 1999, when he entered a plea of guilty to malicious injury to personal property and ABHAN. Respondent failed to communicate with Chastain while he was in jail.

After the guilty plea, respondent still represented Chastain on a DUI charge. Respondent had been retained for a flat fee of $7,500. Chastain discharged respondent, and respondent subsequently failed to provide an accounting as to how he used the fee for the DUI. A partial refund was issued by respondent, and the remaining fee was submitted to the Resolution of Fee Disputes Board, which resolved the matter. Respondent refunded the additional money as directed by the Board.

The fee agreement was contained in a letter written by respondent to Chastain, which Chastain was supposed to sign and return a copy. The fee for the DUI was to be $3,500, and the agreement contained no provision that the fee would be non-refundable, nor a provision for any refund should respondent be discharged. Respondent conditioned his refund of one half of the fee upon an agreement that Chastain would not file a grievance against respondent and that Chastain would hold respondent harmless.

### Law

By his conduct, respondent has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); and Rule 7(a)(5)(engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

Respondent has also violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); and Rule 8.4(a) (violating the Rules of Professional Conduct).

### Conclusion

Respondent has fully acknowledged that his actions in the Torrence and Chastain matters were in violation of the Rules of Professional Conduct. Moreover, he has not been previously sanctioned for misconduct. We therefore accept the Agreement for Discipline by Consent and reprimand respondent for his conduct in these matters.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT, and PLEICONES, JJ., concur.